Citation Nr: 1443681 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-43 160 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a compensable rating for the service-connected pseudofolliculitis barbae.

2. Entitlement to an effective date earlier than December 1, 2010 for the award of a total rating by reason of individual unemployabilty (TDIU) by reason of service-connected disability. 


ATTORNEY FOR THE BOARD

M. Turner, Counsel


INTRODUCTION

The Veteran served on active duty from November 1969 to March 1973.

This matter comes before the Board of Veterans' Appeals (Board) on an appeal from March 2010 and February 2012 rating decisions of the RO. 

The Veteran's claim for a higher rating for the service-connected pseudofolliculitis barbae was previously before the Board in February 2014 when it was remanded. 

It appears that some of the Veteran's file, including his VA Form 9 for his appeal, was misplaced. Attempts to locate the document pursuant to the February 2014 remand were unsuccessful, although a Statement of the Case related to that claim was associated with the file.

The issue of an increased, compensable rating for the service-connected pseudofolliculitis barbae is being remanded to the Agency of Original Jurisdiction (AOJ).



FINDINGS OF FACT

1. The Veteran filed a claim for a TDIU rating that was received by VA on July 21, 2006.

2. The Veteran is shown to have last worked on June 10, 2006, within one year prior to the date of the claim. 

3. The Veteran is shown to have met the schedular criteria for a TDIU rating beginning on June 29, 2005.

4. The Veteran is shown as likely as not to be precluded from securing and following substantially gainful employment consistent with his educational and employment experience due to his service-connected disabilities beginning on June 11, 2006.




CONCLUSION OF LAW

An earlier effective date of June 11, 2006 for the grant of a TDIU rating is assignable by law. 38 U.S.C.A. § 5110 (West 2002).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

In most cases, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore. 38 U.S.C.A. § 5110(a). 

The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year of such date. 38 U.S.C.A. § 5110(b)(2). 

A claim for TDIU is generally considered a claim for an increased rating for the purpose of application of 38 U.S.C.A. § 5110.

In this case, the evidence shows that the Veteran stopped working on June 10, 2006 and filed a claim for a TDIU rating in the following month. His most recent employment was noted to have been that as a bus driver. His prior jobs included those as a painter and laborer. The reason the Veteran gave for leaving his employment was back pain. 

At the time that he filed his application, the Veteran was service connected for degenerative disk disease of the spine (40 percent), instability of the left knee (20 percent), degenerative joint disease of the left knee (10 percent), radiculopathy of the left lower extremity (10 percent), radiculopathy of the right lower extremity (10 percent), residuals of tonsillectomy (noncompensable), and pseudofolliculitis barbae (noncompensable), with a combined rating of 70 percent. The 70 percent rating had been in effect since June 2005. Thus, at the time that the Veteran stopped working and filed his claim, he met the schedular criteria for a TDIU rating. 38 C.F.R. § 4.16(a). 

A TDIU rating may be granted if the Veteran is unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities. 38 C.F.R. § 4.16(a). 

In this case, the Social Security Administration (SSA) determined that the Veteran was unable to work beginning on June 10, 2006 because of his service-connected back and knee disabilities. While this determination is not binding on VA, it is persuasive evidence showing that the Veteran was precluded from working at that time. 

At a VA examination in June 2009, the examiner determined that the Veteran would have been able to perform sedentary work with ergonomic modifications and the ability to make frequent position changes; However, on review, these identified limitations are not shown to be consistent with the Veteran's prior employment and likely educational experience. 

At a subsequent VA examination on December 1, 2010, a VA examiner opined that the Veteran was unable to perform any work due to the severity of his back disability, left knee disability, and bilateral leg pains. 

Significantly, there is no indication that the Veteran's pain level changed substantially between when he filed his claim in July 2006 and the time of his examination on December 1, 2010. 

In fact, the Veteran at all times maintained that he was in too much pain to work due to his service-connected disabilities, which claim was accepted by the SSA and also the VA examiner in December 2010. 

In resolving all reasonable doubt in the Veteran's favor, an earlier effective date beginning on June 11, 2006 is warranted. 

Since the Veteran filed his claim for a TDIU rating within one year of that date, June 11, 2006 is the proper effective date for entitlement to a TDIU rating. 

This is the earliest effective date allowable by law, since the Veteran was actually working prior to this date and thus not eligible for a TDIU rating at that time. 


ORDER

An earlier effective date of June 11, 2006 for the award of a TDIU rating is granted, subject to the regulations controlling the disbursement of VA monetary benefits. . 


REMAND

The Veteran seeks a compensable rating for the service-connected pseudofolliculitis barbae. His skin was examined at a general medical examination in December 2010. However, the findings on that examination were unclear. 

The examiner did not identify abnormalities of the facial skin, and the Veteran told the examiner that he had no problem with pseudofolliculitis barbae if he did not shave. The Veteran did not shave for this reason. The examiner diagnosed pseudofolliculitis barbae "by history," implying that there were no current visible manifestations of the disorder. She also diagnosed eczema of the hands. 

However, the examiner then indicated that the Veteran's skin problems with the face and hands involved 9 percent of the exposed areas of his body. It is therefore unclear whether there actually are any manifestations of pseudofolliculitis barbae or the amount of exposed area of skin that is affected, if any. A new examination is therefore necessary.

Accordingly, this remaining matter is REMANDED for the following action:

1. The AOJ should have the Veteran scheduled for a VA examination of his skin. The examiner should identify all symptoms and functional limitations caused by the pseudofolliculitis barbae, and should document what if any percentage of the exposed areas of the Veteran's body, and of his total body, are affected by manifestations of pseudofolliculitis barbae. 

2. After completing all indicated development, the AOJ should readjudicate claim remaining on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, the Veteran should be furnished a fully responsive Supplemental Statement of the Case (SSOC) and afforded a reasonable opportunity for response. 
 
Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).

______________________________________________
STEPHEN WILKINS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs